UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

NAQUAN FORD,

        **MEMORANDUM AND ORDER**

        21-CV-5945 (PKC) (SIL)

   Plaintiff,

  -against-

CORPORAL HARVEY; CORPORAL
CAMPODONICO, Corporal of the tier;
SEARGANT C; ARMOUR HEALTH; and
SERT TEAM MEMBERS,

   Defendants.
-----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

  On October 25, 2021, Plaintiff Naquan Ford, currently incarcerated at Nassau County Correctional Center ("NCCC"), filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. On October 26, 2021, Plaintiff was notified that his *pro se* filing was deficient because he had not provided either the filing fee or an *in forma pauperis* ("IFP") application. (Dkt. 2.) Plaintiff filed an IFP application dated November 15, 2021, which was not received for docketing by the Clerk's Office until December 2, 2021. In the interim, however, the Court dismissed the action without prejudice for failure to comply with the notice of deficient filing. (*See* 11/30/21 Order Dismissing Case.) Because Plaintiff has complied with the notice of deficient filing, the Court's November 30, 2021 order dismissing this action is hereby vacated. The Clerk of Court is respectfully directed to re-open this action.

  The Court grants Plaintiff's request to proceed IFP pursuant to 28 U.S.C. § 1915. For the reasons discussed herein, Corporal Harvey, Corporal Campodonico, Security Emergency Response Team ("SERT"), and Armour Health are dismissed as defendants. Plaintiff is granted leave to replead his claims against Corporal Harvey, Corporal Campodonico, and Armour Health

1

within sixty (60) days from the date of this Memorandum and Order. The action will proceed against Defendants Sergeant C and SERT Team Members.

## BACKGROUND

Plaintiff alleges that on March 11, 2021, at approximately 4:00 p.m., SERT Team Members searched his cell at NCCC, dragged him out into the hallway, and handcuffed him. (Dkt. 1, at 4.) Sergeant C then "smacked" him and "grabbed [his] face and banged [his] head against the wall." (*Id.*) Plaintiff was hit on the head by a hard object before "everything went black." (*Id.*) Plaintiff later woke up at NCCC's medical center where two SERT Team Members and a nurse were present. (*Id.*)

Plaintiff suffered "tremendous amounts of swelling on [his] forehead" and "two black eyes," but was initially denied x-rays or a CT scan and was returned to his cell where he "passed out" for the second time. (*Id.* at 4–5.) When Plaintiff was returned to the medical unit, he requested to see a doctor and "passed out again after being denied medical treatment." (*Id.* at 5.) Plaintiff alleges physical injuries and mental distress and seeks monetary damages of $50 million. (*Id.*)

## STANDARD OF REVIEW

Because Plaintiff is proceeding *pro se*, his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

The Court must screen civil complaints brought by prisoners against a governmental entity or its agents, and dismiss the complaint or any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, pursuant to the IFP statute, the Court must dismiss the action for the same reasons or if the plaintiff "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Defendant names several individual NCCC officers as defendants. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotation marks omitted); *Raspardo v. Carlone,* 770 F.3d 97, 115−16 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant. . . . § 1983 requires individual, personalized liability on the part of each government defendant."). A government or prison official is not personally involved in the violation of a plaintiff's constitutional rights simply "by reason of [the official's] supervision of others who committed the violation." *Tangreti v. Bachmann*, 983 F.3d 609, 618–19 (2d Cir. 2020); *Porter v. Fam. Serv. League*, No. 21-CV-5120 (JS) (ARL), 2021 WL 5324888, at *2 (E.D.N.Y. Nov. 16, 2021). A § 1983 claim that does not

3

allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Here, other than naming Corporal Harvey and Corporal Campodonico in the caption of the complaint, Plaintiff fails to allege their personal involvement in any of the alleged violations. *See Quick v. Westchester County*, No. 18-CV-243 (KMK), 2019 WL 1083784, at *4 (S.D.N.Y. Mar. 7, 2019) (holding personal involvement not established because although the defendant's name and title "appear[ed] in the caption of the Amended Complaint, [the] [p]laintiff fail[ed] to name or identify [the defendant] anywhere in the body of the Amended Complaint or otherwise connect him to the allegations raised therein" (citation omitted)); *King v. Falco*, No. 16-CV-6315 (VB), 2018 WL 6510809, at *7 (S.D.N.Y. Dec. 11, 2018) (holding personal involvement not established where the "plaintiff includes [the defendant's] name in the case caption but fails to make any substantive allegations against her in the body of the complaint").[1] Accordingly, claims against Corporal Harvey and Corporal Campodonico are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against SERT are also dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff's claims against the specific SERT Team Members who had personal involvement in the alleged incident will proceed. Accordingly, the Court does not grant Plaintiff leave to amend the complaint with respect to SERT.

Plaintiff also names Armour Health, "providing medical care," as a defendant. Liberally construed, Plaintiff alleges inadequate medical care by a nurse at NCCC's medical center. Claims arising out of inadequate medical care require a demonstration of "deliberate indifference to

---

[1] By contrast, Plaintiff alleges the personal involvement of Defendants Sergeant C and SERT Team Members in support of his § 1983 claim.

4

serious medical need of prisoners." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference "includes [both] a subjective component and an objective component." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists" and "[s]ubjectively, the official charged with deliberate indifference must act with a sufficiently culpable state of mind." *Id.* This required state of mind involves "a conscious disregard of a substantial risk of serious harm." *Id.* at 123 (quoting *Chance v. Armstrong*, 143 F.3d 550, 553 (2d Cir. 1996)). Plaintiff fails to plead any facts that show a connection between Armour Health and NCCC. Additionally, Plaintiff does not name the nurse who treated him following the alleged March 11, 2021 incident as a defendant and does not allege facts to support a claim for deliberate indifference of serious medical need. Accordingly, claims against Armour Health are also dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

The Court's order dated November 30, 2021, dismissing the action without prejudice for failure to comply with the notice of deficient filing is hereby vacated. The Clerk of Court is respectfully directed to re-open this action.

The complaint, filed *in forma pauperis*, is dismissed as to Corporal Harvey, Corporal Campodonico, SERT, and Armour Health pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted sixty (60) days from the date of this Memorandum and Order to amend his complaint to allege proper claims against Corporal Harvey, Corporal Campodonico, and Armour Health. To the extent Plaintiff seeks to maintain an action against Corporal Harvey and Corporal Campodonico, he must include a description of what each Defendant did or failed to do, and how

each Defendant's act or omission caused him injury. Additionally, to the extent Plaintiff seeks to maintain an action for deliberate indifference of a serious medical need, Plaintiff must include a description of Armour Health's connection to NCCC, name as a defendant a medical professional at Armour Health who treated him following the March 11, 2021 incident, and include a description of what the medical professional did or failed to do to in deliberate indifference to his serious medical need.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original complaint. Therefore, it is important that Plaintiff include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order. Plaintiff is warned that failure to submit his amended complaint by the deadline will result in dismissal of this action against Corporal Harvey, Corporal Campodonico, and Armour Health.

No summonses shall issue at this time, and all further proceedings shall be stayed for sixty (60) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                        **SO ORDERED.**

                                                 /s/ Pamela K. Chen
                                                 Pamela K. Chen
                                                 United States District Judge

Dated: December 16, 2021
       Brooklyn, New York